IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY TAYLOR, | ) | No.  C 10-03217 JW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) | |
| MARIN COUNTY CLERK'S OFFICE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California inmate at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.  The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.     Plaintiff's Claims

Plaintiff claims that he was arrested by defendant Officer Jesse Jenkins of the Sausalito Police Department for "an old restraining." (Compl. at 3.)  Plaintiff claims that this restraining order was invalid as his wife had the order dismissed on October 9, 2006. (Id.)  Plaintiff alleges that the Marin County Clerk's Office left the restraining order in the data system for 3 years under the watch of defendant Kim Turner, the Executive Officer of the Clerk's Office. (Id.)

These allegations are insufficient to state a claim as plaintiff fails to both identify how these defendants violated plaintiff's constitutional rights and what specific rights were violated.  To state a claim, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).  Furthermore, in order for a complaint to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question.  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).  With respect to the allegations against the defendants, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the

1  deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into
2  causation must be individualized and focus on the duties and responsibilities of each
3  individual defendant whose acts or omissions are alleged to have caused a constitutional
4  deprivation.  Id.  Here, plaintiff fails to identify how each defendant acted under the color
5  of state law and what federal rights were violated thereby.  Accordingly, all claims
6  against these defendants are DISMISSED with leave to amend, for plaintiff to attempt to
7  allege cognizable claims against them in accordance with Leer, 844 F.2d at 633-34.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as discussed above.  Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 10-03217 JW ( PR).  **Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.**

2.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose two copies of the court's form complaint with a copy of this order to plaintiff.

DATED:  January 24, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY TAYLOR,

        Plaintiff,

  v.

MARIN COUNTY CLERKS OFFICE, et al.,

        Defendants.

Case Number: CV10-03217 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/31/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Taylor AB3828
San Quentin State Prison
San Quentin, CA 94924

Dated: 1/31/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk