IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY TAYLOR, | ) | No. C 10-03217 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| MARIN COUNTY CLERK'S OFFICE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California inmate at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis. After the Court dismissed the complaint with leave to amend, (see Docket No. 7), Plaintiff filed an amended complaint. (Docket No. 13.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

1  relief. Id. at 1915A(b)(1),(2).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person
3  acting under the color of state law committed a violation of a right secured by the
4  Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se
5  pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
6  699 (9th Cir. 1990).

7  **B.     Plaintiff's Claims**

8  In the original complaint, Plaintiff alleged that he was arrested by defendant
9  Officer Jesse Jenkins of the Sausalito Police Department for "an old restraining order."
10 (Compl. at 3.)  Plaintiff claims that this restraining order was invalid as his wife had the
11 order dismissed on October 9, 2006. (Id.) Plaintiff alleges that the Marin County Clerk's
12 Office left the restraining order in the data system for 3 years under the watch of
13 defendant Kim Turner, the Executive Officer of the Clerk's Office. (Id.) In the amended
14 complaint, Plaintiff's statement of claim is a single paragraph wherein he asserts that he
15 doesn't believe that his arrest "was an accident" and that "[t]his is a real case of
16 negligence." (Am. Compl. at 3.)

17 As was the case in the dismissal of the original complaint, these allegations in the
18 amended complaint are insufficient to state a claim. Plaintiff fails to both identify how
19 the named Defendants – Kim Turner, Executive Clerks of the Court of Marin, and Officer
20 Jesse Jenkins of the Sausalito Police Department, and Judge Beverly Woods, (Am.
21 Compl. at 2-3) –  violated his constitutional rights and what specific rights were violated.
22 Plaintiff was advised in the Court's Order of Dismissal with Leave to Amend that to state
23 a claim, Plaintiff must show a specific constitutional or federal guarantee safeguarding
24 the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976).
25 Furthermore, in order for a complaint to state a claim arising under federal law, it must be
26 clear from the face of Plaintiff's well-pleaded complaint that there is a federal question.
27 See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).

28 Plaintiff was also advised that with respect to the allegations against Defendants,

liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.

Here, as in his original complaint, Plaintiff again fails to identify how each Defendant acted under the color of state law and what federal rights were violated thereby. At most, he alleges that "negligence" was involved. (Am. Compl. at 3.) While a pro se complaint must be liberally construed, it "'may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). After being advised of what was necessary to state a claim, Plaintiff has merely restated the allegations from his original complaint. Accordingly, Plaintiff's claims must be dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

DATED:  October 5, 2011

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY TAYLOR,

        Plaintiff,

  v.

MARIN COUNTY CLERKS OFFICE, et al.,

        Defendants.

                                              Case Number: CV10-03217 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/5/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Taylor
322 California Street
Stockton, CA 95302

Dated: 10/5/2011

                                                Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk